CASE 78—MOTION TO AFFIRM AND FOR DAMAGES—OCTOBER 27.

# Louisville & Nashville R. R. Co. v. Schmidt, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. PRACTICE IN APPELLATE COURT—MOTION TO AFFIRM.—Where the
   judgment appealed from was entered in accordance with the
   mandate of this court an appeal from such judgment will be
   treated as prosecuted for delay. This court can not consider
   counsel's statement that the appeal is prosecuted as a step to a
   writ of error to the Supreme Court.
2. PRACTICE IN APPELLATE COURT—DAMAGES.—A proceeding to com-
   pel the appellant to pay money into court is personal in
   character and a supersedeas bond to stay such a judgment car-
   ries damages with it when the judgment is affirmed.

SIMRALL, BODLEY AND DOOLAN, AND PIRTLE & TRABUE FOR
THE MOTIONS.

(In addition to matters urged on former consideration of the
motion to affirm, page 179 of this volume.)

The judgment appealed from is *in personam* and not *in rem;*
hence damages should be awarded on the supersedeas bond.

HELM & BRUCE AGAINST THE MOTIONS.

(In addition to matters urged heretofore, page 179 of this
volume.)

Damages should not be awarded upon a judgment which is in
the nature of a judgment *in rem.* Coffin v. Kelling, Robinson
Co. v. Bashaw (Superior Court, Jan. 9, 1885); Cornwall v.
Fletcher (same court, Oct. 12, 1887); former opinion in this
case, 19 Ky. Law Rep., 1626; Allsmiller v. Freutenicht, 86 Ky.
199.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The facts appearing in this record are fully stated in
the opinions delivered by this court upon former appeals.
Since the last opinion, 19 Ky. Law Rep., 1626 [44 S. W.,

130], the Circuit Court, in obedience to the mandate of this court, has set aside its judgment, and, upon the affidavit which had, before the appeal, been filed as the basis for a rule, has awarded a rule against appellant company to show cause why it should not be compelled to pay into court the amount of the judgment rendered against the Louisville, Cincinnati & Lexington Railway Company. Appellees also asked an order referring the case to the commissioner, to ascertain the amount of net earnings, made by the appellant's railroad, the Louisville, Cincinnati & Lexington Railway, on business coming to it from and over the Northern Division of the Cumberland & Ohio Railroad. To the rule awarded against it appellant responded that it was not a party to the suit; that there had been no time since the institution of the suit when appellant could, with propriety, have filed an answer setting up its defense against appellee's claim; that it was entitled to deduct from the amount of the judgment the amount of certain coupons held by it, without, however, stating to what bonds such coupons had been attached, or by whom they had been issued or executed; and averred knowledge on the part of the appellees of the sale to appellant by the Louisville, Cincinnati & Lexington Railway Company of all its property and rights, except its franchise, before the original institution of this suit. The affidavit filed prior to the last appeal, and an additional affidavit showing that the appellant company had received already credit for a part of the coupons set up in its response, were read upon the hearing of the rule and response. The Circuit Court made the rule absolute, and ordered the appellant company to pay into court the amount of the judgment, subject to certain credits on account of coupons not before credit-

Louisville & Nashville R. R. Co. v. Schmidt, etc.

ed.  The case is now before us upon motion by appellees to affirm as a delay case, and for damages.

It is conceded by counsel for appellant that the decision of the Circuit Court is in full accord with the mandate and opinion of this court upon the last appeal; but it is urged by counsel that they are in good faith prosecuting the appeal for the purpose of removing the case by writ of error to the Supreme Court of the United States, in the belief that a reversal may be there had upon a federal question, namely, that appellant's property is being taken from it without due process of law.  It is urged that, unless the court believes the appeal to be prosecuted for delay merely, it can not exercise the statutory right to affirm as a delay case, and that this court should not exercise that right if it believes that appellant intends in good faith to take the case by writ of error to the Supreme Court.  In answer to this it may be said that, in determining whether an appeal was taken for delay merely, we are confined to an examination of the record before us; and when that record, as in the case at bar, discloses that the judgment appealed from has been rendered in obedience to, and is in full accord with, the opinion by this court upon a former appeal, and so conceded by counsel for appellant, there is no escape from the conclusion that the appeal is, within the meaning of the statute, for delay merely.  Were this not so, no case could ever be affirmed as a delay case, unless appellant admitted that the appeal was taken for delay merely.  Upon such a motion we can not consider counsel's statement as to their, or their client's intention.

Upon the question of damages upon the supersedeas counsel has referred us to a number of cases in which damages were refused, both by the Superior Court and this court, upon the affirmance of judgments superseded.

Without exception, those cases are cases of contest over a fund in court, or judgments adjudging liens for certain amounts of money, and ordering sales of property to satisfy same. Counsel seeks to establish an analogy between those cases and the case at bar, and calls attention to the fact that in the last opinion, 19 Ky. Law Rep., 1626 [44 S. W., 130], this court held it unnecessary to decide whether, upon the averments of the original petition, a personal judgment could have been rendered against the Louisville & Nashville Railroad Company had it been a nominal defendant, and to the statement herein contained that the proceeding was one essentially *"in rem,* to subject to appellant's claim the net profits made on business coming to the line of the Louisville, Cincinnati & Lexington Railway Company from and over the Cumberland & Ohio." While this is true, yet the proceeding to compel the payment of the fund into court by the appellant company is essentially personal against it, and a judgment to be enforced by rule, directing appellant to pay the amount of the judgment into court is, in our opinion, essentially a personal judgment, upon which the court might have ordered execution to issue. We are therefore of opinion that the judgment must be affirmed as a delay case, with damages.